Affirmed by published opinion. Chief Judge GREGORY wrote the opinion, in which Judge WILKINSON and Judge DIAZ joined. Judge WILKINSON wrote a separate concurring opinion.,
GREGORY, Chief Judge:
Kareem Antwan Doctor appeals his fifteen-year sentence for unlawful possession of a firearm. The district court imposed an enhanced sentence pursuant to the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e), after finding that Doctor had two predicate drug offenses and one predicate violent felony. Doctor challenges the district court’s determination that his prior conviction for South Carolina strong arm robbery qualifies as a violent felony under the ACCA. Finding no error with the district court’s application of the ACCA enhancement, we affirm.
I.
In April 2012, North Charleston police officers received a call from a woman who alleged that Doctor had stolen a cell phone *308 and was inside the residence at 5309 Alvie Street with a gun. The officers arrived on the scene and, after reading Doctor his Miranda rights, questioned him about the firearm. Doctor led the officers to a .380 caliber pistol on the couch. Doctor eventually pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
The probation officer recommended that Doctor be sentenced under the ACCA, which mandates a minimum of fifteen years’ imprisonment for a defendant who violates § 922(g) and “has three previous convictions” for a “violent felony or a serious drug offense, or both.” 18 U.S.C. § 924(e)(1). Doctor had two prior convictions for possession with intent to distribute cocaine, which he did not contest qualified as serious drug offenses, as well as a prior conviction for South Carolina strong arm robbery (“South Carolina robbery”).[1] At sentencing, the district court held, over Doctor’s objection, that the robbery conviction was an ACCA violent felony. The district court designated Doctor an armed career criminal based on his three predicate offenses and imposed the mandatory minimum sentence of fifteen years.
II.
We review de novo whether a prior conviction qualifies as an ACCA violent felony. United States v. Hemingway, 734 F.3d 323, 331 (4th Cir. 2013). The ACCA defines “violent felony,” in pertinent part, as “any crime punishable by imprisonment for a term exceeding one year” that “has as an element the use, attempted use, or threatened use of physical force against the person of another.” 18 U.S.C. § 924(e)(2)(B)(i).[2] The issue on appeal is whether South Carolina robbery meets the definition of violent felony in § 924(e)(2)(B)(i), known as the “force clause.”
To determine whether South Carolina robbery matches this definition and can thus be used to enhance a criminal sentence, we apply the “categorical approach.” United States v. Baxter, 642 F.3d 475, 476 (4th Cir. 2011). The categorical approach directs courts to examine only the elements of the state offense and the fact of conviction, not the defendant’s conduct.[3] Id. In conducting this analysis, “we focus ‘on the minimum conduct’” required to sustain a conviction for the state crime, United States v. Gardner, 823 F.3d 793, 803 (4th Cir. 2016) (quoting Castillo v. Holder, 776 F.3d 262, 267 (4th Cir. 2015)), although there must be a “realistic probability, not a theoretical possibility,” that a state would actually punish that conduct, *309 id. (quoting Moncrieffe v. Holder, — U.S. —, 133 S.Ct. 1678, 1684-85, 185 L.Ed.2d 727 (2013)). We look to state court decisions to determine the minimum conduct needed to commit an offense, id, and to identify the elements of a state common law offense, Hemingway, 734 F.3d at 332. We then compare those elements to the definition of violent felony in the force clause.
In State v. Rosemond, the South Carolina Supreme Court defined robbery as the “felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear.” 356 S.C. 426, 589 S.E.2d 757, 758 (2003). A defendant can thus commit robbery in South Carolina by alternative means of “violence” or “intimidation.” Id. at 758-59. When evaluating intimidation, courts ask whether an “ordinary, reasonable person in the victim’s position would feel a threat of bodily harm from the perpetrator’s acts.” Id at 759 (citing United States v. Wagstaff, 865 F.2d 626 (4th Cir. 1989)).
If either robbery by means of violence or by means of intimidation fails to match the force clause definition, the crime is not a violent felony. See Gardner, 823 F.3d at 803. Doctor offers several reasons why South Carolina robbery is not a categorical match, largely focusing on robbery by intimidation. He first contends that a robber may intimidate a victim without “the use, attempted use, or threatened use of physical force.”
A review of South Carolina law reveals, however, that intimidation necessarily involves threatened use of physical force. The South Carolina Supreme Court has indicated that a robber intimidates a victim by threatening force. See State v. Mitchell, 382 S.C. 1, 675 S.E.2d 435, 437 (2009) (stating that robbery involves either “employment of force or threat of force”) (quoting State v. Moore, 374 S.C. 468, 649 S.E.2d 84, 88 (Ct. App. 2007)). The issue, then, is whether intimidation under South Carolina law requires the force threatened to be “physical force” within the meaning of the ACCA. The Supreme Court has defined “physical force” as “violent force— that is, force capable of causing physical pain or injury to another person.” Johnson v. United States (“Johnson I”), 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). To constitute intimidation in South Carolina, a robbery victim must “feel a threat of bodily harm” based on the defendant’s acts. Rosemond, 589 S.E.2d at 759. We find that these two standards align. There is no meaningful difference between a victim feeling a threat of bodily harm and feeling a threat of physical pain or injury. See United States v. McNeal, 818 F.3d 141, 154 (4th Cir. 2016).. It follows that to constitute intimidation in South Carolina, a robbery victim must feel a threat of physical force based on the defendant’s acts. In other words, a defendant intimidates a victim by threatening physical force.
Notably, the South Carolina Supreme Court modeled its definition of intimidation in robbery cases after the one this Circuit uses in federal bank robbery cases under 18 U.S.C. § 2113(a). The Rosemond definition—whether an ordinary victim feels a threat of bodily harm from the robber’s acts—adopts and indeed cites the definition from our Wagstaff decision. Rosemond, 589 S.E.2d at 759 (citing Wagstaff, 865 F.2d at 626); see Wagstaff, 865 F.2d at 627 (“[T]aking ‘by intimidation’ under section 2113(a) occurs when an ordinary person in the teller’s position reasonably could infer a threat of bodily harm from the defendant’s acts.” (emphasis omitted) (quoting United States v. Higdon, 832 F.2d 312, 315 (5th Cir. 1987)). This Court re *310 cently confirmed in McNeal that intimidation in the context of § 2113(a) bank robbery necessarily entails a threat of violent force. 818 F.3d at 153. Because South Carolina uses effectively the same definition of intimidation that we use in § 2113(a) bank robbery cases, this holding lends persuasive support to our conclusion here .that intimidation in the context of South Carolina robbery requires the threatened use of physical force. Indeed, like the defendants in McNeal, Doctor has not “identified a single [ ] robbery prosecution where the victim feared bodily harm”—that is, was intimidated—by “something other than violent physical force.” Id at 156.
Doctor instead highlights how a defendant can effectuate a robbery with only a slight threat. He seizes on the following discussion of constructive force[4] in the South Carolina Court of Appeals opinion in State v. Rosemond: “[r]egardless of how slight the cause creating the fear is or by what other circumstances' the taking is accomplished, if the transaction is accompanied by circumstances of terror, such as threatening by word or gesture, ... the victim is placed in fear.” 348 S.C. 621, 560 S.E.2d 636, 641 (Ct. App. 2002) (emphasis added). But whether a robber’s threat is slight does not resolve the force clause inquiry; what matters is whether, as Rose-mond explains, the threat creates a fear of bodily injury in a reasonable person. Under the right circumstances, a slight threat—“you better hand over the money, or else,” or even just a menacing stare— can communicate an intent to cause great bodily injury. Put simply, the slight or implicit nature of a threat does not render it nonviolent.
Doctor next argues that South Carolina robbery is not an ACCA violent felony because it does not match the force clause requirement that force be directed “against the person of another.” Again focusing on robbery by intimidation, he asserts that a defendant can commit the crime even where his or her threatening behavior is not specifically aimed at the victim. Doctor suggests that the facts of Rosemond illustrate that a defendant can be convicted for applying force against property rather than people.
■ The defendant in Rosemond entered a convenience store around 9:00 p.m. and, after spending a few minutes in the bathroom, immediately “went behind the counter to the register” and “glare[d]” at the store clerk who stood “just a few feet” away. 589 S.E.2d at 758, When the defendant tried and failed to open the cash register, he grabbed the “heavy” register, flipped it into the air, picked it up again, and slammed it down once more, finally popping it open. Id. at 759. The store clerk testified that she was scared by both the defendant’s glare and his slamming of the cash register. Id. at 758. The South Carolina Supreme Court upheld the defendant’s conviction, finding' that a reasonable person in the clerk’s position “would have felt a threat of bodily harm from petitioner’s acts.” Id. at 759. The court, then, did not affirm just because the clerk was generally fearful during the defendant’s assault on the cash register. It sustained the conviction after specifically finding that the defendant’s actions threatened a similar use of violent force against the clerk. Rose-mond thus confirms that a defendant’s use or threatened use of force must be directed “against the person of another.” This *311 interpretation makes sense given that intimidation means the threatened use of physical force—a concept that, .common sense tells us, involves people. Indeed,-the very purpose of threatening physical force is to prevent a person, from resisting the taking. See Rosemond, 560 S.E.2d at 641.
Doctor also argues that South Carolina robbery is not a violent felony because it can be committed without an intentional use or threat of physical force. This position is rooted in Leocal v. Ashcroft, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), which considered whether Florida’s offense of driving .under the influence of alcohol constituted a “crime of violence” under the force clause in 18 U.S.C. § 16(a). There, the Supreme Court held that the ordinary meaning of “use .., of physical force against” a person “most naturally suggests a higher degree of intent than negligent or merely accidental conduct.” Id. at 9, 125 S.Ct. 377. Because a Florida conviction for driving under the influence could be based on negligent or accidental conduct, it lacked the level of intent needed to be a crime of violence. Id. at 9-10, 125 S.Ct. 377. We later held that, an assault conviction premised on reckless force was not a crime of violence for the same reason. See Garcia v. Gonzales, 455 F.3d 465, 468-69 (4th Cir. 2006).
South Carolina robbery incorporates the elements of larceny, which includes an intent to steal, see Broom v. State, 351 S.C. 219, 569 S.E.2d 336, 337 (2002), but it does not contain an explicit mens rea requirement as to the force or intimidation element. Doctor takes this to mean that South Carolina robbery lacks the intent requirement needed for it- to qualify as a violent felony. But he fails to cite a single case in South Carolina where a defendant negligently or recklessly used force in the commission of a robbery,[5] or where a defendant negligently or recklessly intimidated a victim. This is unsurprising because the intentional taking of property, by means of violence or intimidation sufficient to overcome a person’s resistance, must entail more than accidental, negligent, or reckless conduct. In considering § 2113(a) bank, robbery, the Supreme -Court held that the crime requires general intent, meaning a defendant must possess “knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence or intimidation).” Carter v. United States, 530 U.S. 255, 268, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000); see also McNeal, 818 F.3d at 155 (recognizing Carter). We see no reason why South .Carolina robbery should be viewed any differently. While hypothetical scenarios can surely, be concocted to support robbery convictions based on accidental, negligent, or reckless conduct, given the total absence of case law, there is not a realistic probability that South Carolina would punish such conduct.
Finally, Doctor- argued for the first time at oral argument that South Carolina robbery can be committed with de minimis actual force. Several courts have found that if robbery can be accomplished with minimal • actual force—grazing a victim’s shoulder while lifting a purse, for instance—the crime does not meet the phys- *312 ieal force requirement outlined in Johnson I (“force capable of causing physical pain or injury to another person”). See, e.g., United States v. Parnell, 818 F.3d 974, 979 (9th Cir. 2016) (holding that Massachusetts armed robbery, which requires only “minimal, nonviolent force,” does not meet the physical force threshold). We reached that result in Gardner with respect to North Carolina common law robbery. Gardner, 823 F.3d at 804. In doing so, we cited the Supreme Court of North Carolina’s statement that “[although actual force implies personal violence, the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property.” Id. at 803 (emphasis added) (quoting State v. Sawyer, 224 N.C. 61, 29 S.E.2d 34, 37 (1944)).
Here, by contrast, there is no indication that South Carolina robbery by violence can be committed with minimal actual force. As noted, South' Carolina robbery can be committed “by violence or putting [a] person in fear.” Rosemond, 589 S.E.2d at 758. Unlike the definition of North Carolina robbery, the definition of South Carolina robbery does not suggest that the degree of actual force used is “immaterial.” There is no general statement from the South Carolina Supreme Court or intermediate appellate court to that effect. And Doctor provides no examples of South Carolina cases that find de minimis actual force sufficient to sustain a conviction for robbery by violence.[6] Therefore, there is no basis for the conclusion that South Carolina robbery can be accomplished with force below the physical force threshold. Recognizing that each “State is entitled to define its crimes as it sees fit,” McNeal, 818 F.3d at 153, South Carolina robbery differs from North Carolina robbery in this critical respect.
In sum, South Carolina has defined its common law robbery offense, whether committed by means of violence or intimidation, to necessarily include as an element the “use, attempted use, or threatened use of physical force against the person of another.” Accordingly, we conclude that Doctor’s prior conviction for South Carolina robbery qualifies as a predicate violent felony within the meaning of the ACCA.
III.
For the foregoing reasons, the judgment of the district court is
AFFIRMED.

. South Carolina strong arm robbery and common law robbery are "synonymous terms for a common law offense whose penalty is provided for by statute.” State v. Rosemond, 348 S.C. 621, 560 S.E.2d 636, 640 (Ct. App. 2002) (footnote omitted). For ease of reference, we refer to the offense as South Carolina robbery.

. The ACCA separately defines "violent felony” as "any crime punishable by imprisonment for a term exceeding one year” that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B)(ii). That subsection has no application here, as robbery is not an enumerated crime and the Supreme Court deemed the clause concerning risk of physical injury unconstitutionally vague in Johnson v. United States ("Johnson II”), — U.S. —, 135 S.Ct. 2551, 2557, 192 L.Ed.2d 569 (2015).

.Courts apply the "modified categorical approach” where the prior state offense is divisible, meaning it sets out multiple elements in the alternative and at least one set of elements matches the federal definition. Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 2284, 186 L.Ed.2d 438 (2013). Because South Carolina robbery is a nondivisible offense, the modified categorical approach "has no role to play in this case.” Id. at 2285.

. Though the South Carolina Court of Appeals did not explicitly define the term, “constructive force” generally means "[t]hreats and intimidation to gain control or prevent resistance; esp,, threatening words or gestures directed against a robbery victim.” Constructive Force, Black's Law Dictionary (10th ed. 2014).

. Doctor does point us to United States v, Dixon, in which the Ninth Circuit concluded that robbery under California Penal Code § 211 could be committed with accidental force. 805 F.3d 1193, 1197 (9th Cir. 2015). That holding, however, hinged on a stranger-than-fiction California Supreme Court case where a defendant broke into an unoccupied car in a parldng garage, stole the car, and then accidentally ran over the car’s owner after exiting the garage. Id. (discussing People v. Anderson, 51 Cal.4th 989, 125 Cal.Rptr.3d 408, 252 P.3d 968 (2011)). We have found no indication that a defendant can similarly commit South Carolina robbery with accidental force.

. At oral argument, defendant's counsel cited two cases for the first time—State v. Gagum, 328 S.C. 560, 492 S.E.2d 822 (Ct. App. 1997) and Humbert v. State, 345 S.C. 332, 548 S.E.2d 862 (2001)—in support of the argument that South Carolina robbery can be committed with slight actual force. Neither case, however, addresses the minimum amount of actual force needed to sustain a robbery conviction in South Carolina, In fact, it is not clear from the face of either appellate decision whether the juries (or, more precisely, at least some of the jurors) convicted the defendants of robbery by violence or robbery by intimidation.