**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4179**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WADE ANDREW ALBRIGHT,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:15-cr-00088-MBS-1)

Submitted: December 16, 2016     Decided: January 5, 2017

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Beth Drake, Acting United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wade Andrew Albright pled guilty, pursuant to a written agreement, to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Based on his three prior South Carolina convictions for strong arm robbery and his prior South Carolina conviction for manslaughter, the district court designated Albright an armed career criminal and sentenced him to an enhanced, within-Sentencing-Guidelines-range term of 188 months in prison. On appeal, Albright challenges his armed career criminal status, asserting that his prior strong arm robbery convictions are not proper predicates following Johnson v. United States, 135 S. Ct. 2551 (2015). We disagree.

"We review de novo whether a prior conviction qualifies as an ACCA violent felony." United States v. Doctor, __ F.3d __, __, No. 15-4764, 2016 WL 6833343, at *1 (4th Cir. Nov. 21, 2016). In Doctor, we held that a prior South Carolina conviction for strong arm robbery properly qualifies as a predicate violent felony under the force clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). Id. at *2-5. We concluded that "South Carolina has defined its common law robbery offense, whether committed by means of violence or intimidation, to necessarily include as an element the use, attempted use, or threatened use of physical force against the person of another." Id. at *5 (internal quotation

2

marks omitted).  Therefore, because <u>Doctor</u> forecloses Albright's strong-arm-robbery argument, we conclude that the district court properly considered these offenses as ACCA predicates.

Because Albright has the requisite three prior violent felony convictions to warrant his armed career criminal designation, we need not consider Albright's remaining ACCA challenge. Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>