**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4832**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD EDWARD DICKERSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:15-cr-00153-RBH-1)

Submitted: May 25, 2017                     Decided: May 30, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Beth Drake, United States Attorney, Robert Frank Daley, Jr., Christopher D. Taylor, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Edward Dickerson pled guilty without a written plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Dickerson to 70 months in prison. On appeal, Dickerson contends that the court erred in calculating his Sentencing Guidelines range. We affirm.

Dickerson asserts the district court miscalculated the Guidelines range by erroneously finding that his prior South Carolina conviction for strong arm robbery qualified as a crime of violence under U.S. Sentencing Guidelines Manual § 4B1.2(a) (2015), thereby impacting his base offense level. Dickerson argues that, following *Johnson v. United States*, 135 S. Ct. 2551 (2015), his strong arm robbery conviction no longer qualifies as a predicate crime of violence under either the Guidelines' force clause contained in § 4B1.2(a)(1) or the residual clause contained in § 4B1.2(a)(2).

Dickerson's claim is unavailing. Dickerson acknowledges, as he did at sentencing, that this court held in *United States v. Doctor*, 842 F.3d 306, 312 (4th Cir. 2016), *cert. denied*, __ S. Ct. __, 2017 WL 1079626 (U.S. Apr. 24, 2017), that South Carolina strong arm robbery qualifies as a violent felony under the force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012). Thus, Dickerson's strong arm robbery conviction necessarily qualifies as a crime of violence under the Guidelines' force clause. *See United States v. Hemingway*, 734 F.3d 323, 337 n.13 (4th Cir. 2013); *United States v. Jarmon*, 596 F.3d 228, 231 n.* (4th Cir. 2010). Despite Dickerson's assertion that *Doctor* was wrongly decided, "[i]n this circuit, we are bound by the basic principle that one panel cannot

2

overrule a decision issued by another panel." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted).

In any event, Dickerson's strong arm robbery conviction qualifies as a crime of violence under the Guidelines' residual clause, which is not constitutionally infirm, as the Supreme Court stated in *Beckles v. United States*, 137 S. Ct. 886 (2017) (holding Guidelines are not subject to vagueness challenges under Due Process Clause). Thus, any *Johnson* challenge is meritless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*