**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4734**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

KEVIN DOUGLAS SHRADER,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:06-cr-00896-TLW-1)

Submitted:  May 25, 2017                                Decided:  May 30, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Beth Drake, United States Attorney, Brook Bowers Andrews, Arthur Bradley Parham, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Douglas Shrader appeals his 30-month sentence imposed upon revocation of his supervised release. On appeal, Shrader contends that the district court erred in calculating his Sentencing Guidelines policy statement range. We affirm.

Shrader asserts the district court erred in classifying one of his violations—the commission of South Carolina strong arm robbery—as a Grade A violation because the offense qualified as a crime of violence, pursuant to U.S. Sentencing Guidelines Manual §§ 4B1.2(a), 7B1.1(a)(1), p.s. (2006). Shrader argues that, following *Johnson v. United States*, 135 S. Ct. 2551 (2015), his strong arm robbery conviction no longer qualifies as a crime of violence under either the Guidelines' force clause contained in § 4B1.2(a)(1) or the residual clause contained in § 4B1.2(a)(2).

Shrader's claim is unavailing. Shrader acknowledges that this court held in *United States v. Doctor*, 842 F.3d 306, 312 (4th Cir. 2016), *cert. denied*, __ S. Ct. __, 2017 WL 1079626 (U.S. Apr. 24, 2017), that South Carolina strong arm robbery qualifies as a violent felony under the force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012). Thus, Shrader's strong arm robbery conviction necessarily qualifies as a crime of violence under the Guidelines' force clause. *See United States v. Hemingway*, 734 F.3d 323, 337 n.13 (4th Cir. 2013); *United States v. Jarmon*, 596 F.3d 228, 231 n.* (4th Cir. 2010). Despite Shrader's assertion that *Doctor* was wrongly decided, "[i]n this circuit, we are bound by the basic principle that one panel cannot overrule a decision issued by another panel." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted).

2

In any event, Shrader's strong arm robbery conviction qualifies as a crime of violence under the Guidelines' residual clause, which is not constitutionally infirm, as the Supreme Court stated in *Beckles v. United States*, 137 S. Ct. 886 (2017) (holding Guidelines are not subject to vagueness challenges under Due Process Clause). Thus, any *Johnson* challenge is meritless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*