JORDAN, Circuit Judge,
concurring.
I agree with the well-reasoned opinion of my colleagues in this case but write separately to express dismay at the ever-expanding application of the categorical approach. Recently, our Court was asked to apply the categorical approach to contemporaneous convictions obtained in a jury trial over which the sentencing judge himself had presided. United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016). Although we declined, id,, that request indicates the kudzu quality of the categorical approach, which seems to be always enlarging its territory. This case does not present a novel expansion of the doctrine, but it does highlight a consistently troubling feature: its requirement that judges ignore the real world. To appreciate that problem, one need only read the excellent concurring opinions of Judge J. Harvie Wilkinson III in United States v. Doctor, 842 F.3d 306, 312-19 (4th Cir. 2016), and Judge Sandra L. Lynch in United States v. Faust, 853 F.3d 39, 60-61 (1st Cir. 2017). My concurrence in this case is just a “me too” statement of concern.
The categorical approach to assessing the character of previous criminal convictions began with the Supreme Court’s effort to apply the sentencing enhancement called for by the Armed Career Criminal Act (“ACCA” or “the Act”). Under the Act, criminal defendants are subject to greater penalties based on their previous criminal convictions for violent felonies or serious drug offenses, regardless of whether those predicate offenses were in violation of state or federal law. But, as the Supreme Court observed in Taylor v. United States, “the criminal codes of the States define [crimes] in many different ways.” 495 U.S. 575, 580, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). To avoid inconsistent application of *137 the ACCA based on those variances, the Court read into the Act a “categorical approach” to the designation of predicate offenses, whereby the elements of a relevant state statute are compared to the elements of a generic version of the crime as it stood under common law. Id. at 599, 110 S.Ct. 2143. The Taylor Court explicitly directed that its approach left no room for courts to look “to the particular facts underlying [the] convictions.” Id. at 600, 110 S.Ct. 2143.
In the context of a federal court examining state court convictions, that approach has intuitive appeal, particularly when a state conviction is old and lacks back-up records to provide historical detail; But, in practice, the approach has often made the job of district courts more' difficult. See, e.g., United States v. Perez-Silvan, 861 F.3d 935, 944 (9th Cir. 2017) (Owens, J., concurring) (referring to “sentencing ad; ventures more complicated than reconstructing'the Staff of Ra in the Map Room to locate the Well of the Souls”); United States v. Mayer, 162 F.Supp.3d 1080, 1095 (D. Or. 2016) (labeling the approach “a Byzantine analytical framework”); Murray v. United States, No. 15-cv-5720 (RJB), 2015 WL 7313882, at *5 (W.D. Wash. Nov. 19, 2015) (describing the approach as “a hopeless tangle”). Rather than making things more straightforward, the categorical approach has caused sentencing judges to “simply swap[ ] factual inquiries for an endless gauntlet of abstract legal questions.” Doctor, 842 F.3d at 313 (Wilkinson, J., concurring). And operating at that level of abstraction “can lead courts to reach counterintuitive” and arbitrary results, Faust, 853 F.3d at 61 (Lynch, J., concurring).
Some work is needed to bring the categorical approach back in line with its original goal—applying sentencing enhancements in a sensible and administratively feasible fashion. I believe that the first step to achieving that goal is to permit judges, in their discretion, to rely on the facts underlying past convictions when those facts are readily ascertainable from reliable government records. See Doctor, 842 F.3d at 315 (Wilkinson, J., concurring) ("District Courts should be free to apply [the categorical approach] as the default inquiry, but should retain the discretion to consider the defendant’s actual conduct when it can be clearly derived from the record.”), In the absence of some reform, several problems will persist.
First, the categorical approach is often an impediment to uniformity. See Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 2267-88, 195 L.Ed.2d 604 (2016) (Alito, J., dissenting) (recognizing that the Majority decision disqualifies burglary convictions in many states from counting as predicate offenses even though “Congress indisputably wanted burglary to count” for all states). The.Supreme Court identified the categorical approach as an answer to the problem of inconsistent sentences, but it can lead to the opposite outcome. For example, two ' defendants who, in their past, independently committed identical criminal acts in two different states and have essentially the same criminal history will find that the applicability of the ACCA to their current cases depends not on their past criminal conduct but o,n the phrasing of the different state criminal -statutes. This “arbitrary and inequitable resultf] ... could not have been Congress’ intent[.]” Mathis, 136 S.Ct. at 2258 (Kennedy, J., concurring).,
Second, the categorical approach has interfered with the ability of courts to ensure that repeat, violent offenders receive the most severe sentences. Judge Wilkinson has described how, purely as a function of the categorical approach, repeat offenders often avoid sentencing enhance *138 ments for their violent crimes. See Doctor, 842 F.3d at 315 (Wilkinson, J. concurring) (listing ten cases -in which violent acts did not categorically qualify as violent felonies). Judge Lynch focused on a telling example of how the categorical approach forces judges into an alternative reality, dictating that assault and battery on a police officer, despite common sense and what “[t]he average person on the street would ordinarily think[,3” is not categorized as a crime of violence. Faust, 853 F.3d at 60 (Lynch, J., concurring). Again, “[i]t could not have been Congress’ intent for a career offender to escape his statutorily mandated punishment, when the record makes it clear beyond any possible doubt that he committed [an enumerated felony].” Mathis, 136 S.Ct. at 2258 (Kennedy, J., concurring) (internal quotation marks and alteration omitted).
Third, the categorical ■ approach often asks judges to feign amnesia. It requires them to “peek” at portions of the factual record to determine under which division of a statute an offender’s past conviction falls. Id. at 2256 (majority opinion) (internal quotation marks omitted). When that is doné, a different label—the “modified categorical approach”—gets hung on the process, and things are better for that brief exposure to reality. But, after seeing--that information, a judge is then asked to erase those facts from his or her mind in deciding whether -the conviction is a violent felony or serious drug offense. Id. at 2256-57. The judge must ignore facts already known and instead proceed with eyes shut.
Finally, the categorical approach has led to unusual questions'of statutory interpretation which have in turn led to even more unusual results. The most troubling example is the Supreme Court’s declaration that the “residual clause”: of the ACCA is unconstitutional. That clause was a catch-all which provided that “any crime punishable by. imprisonment for a term exceeding one year” that “otherwise involves conduct that presents a serious potential risk of physical injury to another” should be counted as a - ..violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). In Johnson v. United States, the Court held that the clause was unconstitutionally vague because of the near impossibility of rationally and consistently applying it under the categorical approach. — U.S. —, 135 S.Ct. 2551, 2559-60, 192 L.Ed.2d 569 (2015). Over a forceful dissent, the Majority maintained that application of the categorical approach was in line with Congressional intent. Id. at 2561-62. So the Court struck down the clause as unconstitutional, rather than reconsidering its own analytical construct, the categorical approach. It is not immediately obvious why the judiciary’s difficulty in making the categorical approach work should" lead to the conclusion that Congress and the President strayed from the Constitution in enacting the ACCA.
Because the categorical approach often fails to achieve the goal it was designed for, and because it is a purely judge-made doctrine, I join those who have urged that it be given reconsideration. See Faust, 853 F.3d at 60 (Lynch, J., concurring); Doctor, 842 F.3d at 315 (Wilkinson, J., concurring). Even a modest fix could remedy the most troúbling results: where the facts concerning a previous "conviction are beyond fair dispute, a judge should be permitted to consider those facts in applying sentencing enhancements.[1] In this case, for instance, *139 the analysis should have been no more complicated than this: First, the sentencing enhancement provision defines, a “crime of violence” as “any offense under federal or state law, punishable by imprisonment for. a term exceeding one year, that ... has as an element the use, attempted use, or threatened use of physical force against the person of another[,]” U.S.S.G. § 4B1.2(a)(l); second, Chapman was convicted of a crime requiring a “threat to injure [a] person[,]” 18 U.S.C. § 876(c); and third, the record shows unequivocally that he did threaten to injure a person.
Forcing judges tó close their eyes to what is obvious promotes inefficiency and guarantees difficult-to-explain sentences. In the easy cases, we should let our sentencing judges work with their eyes open.

. If the facts are not clear, thereby creating a legitimate Sixth Amendment argument, see Shepard v. United States, 544 U.S. 13, 24-25, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), there is a logical basis for insisting on the categorical approach. See United States v. Robinson, 844 F.3d 137, 142 (3d Cir. 2016) (recognizing that developments in Sixth Amendment jurisprudence “provide[ ] an additional reason for avoiding factual inquiries”).