**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4198**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

ROBERT VERNON SCOTT,

                 Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Margaret B. Seymour, Senior District Judge. (2:12-cr-00881-MBS-1)

Submitted: September 12, 2017                 Decided: October 12, 2017

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Cameron Jane Blazer, BLAZER LAW FIRM, Mount Pleasant, South Carolina, for Appellant. Beth Drake, United States Attorney, Nick Bianchi, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Vernon Scott pled guilty pursuant to a plea agreement to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e)(1) (2012). Based on his prior South Carolina state convictions for armed robbery and distribution of crack cocaine, the district court sentenced Scott as an armed career criminal to 180 months' imprisonment. On appeal, Scott challenges his armed career criminal designation, asserting that his prior armed robbery convictions do not serve as predicates under the Armed Career Criminal Act (ACCA or "the act"), 18 U.S.C. § 924(e). For the reasons that follow, we affirm.

Scott argues that his prior convictions for armed robbery are not proper ACCA predicates because the convictions do not qualify as predicates under the act's enumerated offenses clause or force clause and that, after *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding residual clause of ACCA void for vagueness), the convictions no longer qualify under the act's residual clause. With respect to the force clause, Scott takes the position that the offense of armed robbery does not contain an element requiring the type of violent physical force needed to satisfy that clause.

The ACCA mandates imposition of a minimum term of 15 years' imprisonment for a defendant who violates 18 U.S.C. § 922(g) and "has three previous convictions" for a "violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). "We review de novo whether a prior conviction qualifies as an ACCA violent felony." *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 1831 (2017). A violent felony includes "any crime punishable by imprisonment for a term exceeding

2

one year that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* (internal quotation marks omitted). Physical force for ACCA purposes "means *violent* force–that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

In *Doctor*, this court held that a South Carolina conviction for strong arm robbery qualifies as a predicate violent felony under the force clause of the ACCA. 842 F.3d at 312. This court concluded that "South Carolina has defined its common law robbery offense, whether committed by means of violence or intimidation, to necessarily include as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* (internal quotation marks omitted). South Carolina "[a]rmed robbery includes all the elements of strong arm robbery." *State v. Muldrow*, 559 S.E.2d 847, 850 (S.C. 2002) (citing *State v. Keith*, 325 S.E.2d 325 (S.C. 1985) (armed robbery is commission of common law robbery while armed with a deadly weapon)). *Doctor* thus forecloses Scott's argument that his prior armed robbery convictions are not violent felonies under the ACCA's force clause.[*] Further, after review of the record and the parties' briefs, we reject as wholly without merit Scott's efforts to distinguish *Doctor* or reject its application in this case.

Because Scott has three qualifying prior convictions that warrant his armed career criminal designation, we affirm the criminal judgment. We dispense with oral argument

---

[*] The parties do not dispute that if the lesser offense of strong arm robbery is a proper ACCA predicate, then armed robbery likewise qualifies.

3

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*