**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4047**

_____

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

GENE WARD, JR.,

         Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:16-cr-00006-BO-1)

_____

Submitted:  December 21, 2017              Decided:  December 27, 2017

_____

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gene Ward, Jr., pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The probation officer recommended a base offense level of 20 because Ward committed the instant offense subsequent to sustaining a felony conviction for a crime of violence—namely, North Carolina common law robbery. *See* U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A) & cmt. n.1, 4B1.2(a) (2016). The district court overruled Ward's objection to the enhanced offense level, concluding that the prior conviction qualifies as a crime of violence because Ward used a shotgun to facilitate the robbery. The court sentenced Ward to 51 months' imprisonment, within his advisory Sentencing Guidelines range. On appeal, Ward primarily argues that North Carolina common law robbery does not meet the Guidelines' definition of crime of violence. He also briefly contends that the court improperly examined the facts underlying his prior conviction to find that the offense qualifies as a crime of violence. Finding no reversible error, we affirm.

Generally, to determine whether a prior offense qualifies as a crime of violence, the sentencing court must apply the categorical approach. *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017). "The categorical approach directs courts to examine only the elements of the state offense and the fact of conviction, not the defendant's conduct." *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 1831 (2017). In evaluating a state offense, the sentencing court determines the "minimum conduct" to which there is "a realistic probability, not a theoretical possibility that a state would apply the law." *United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017) (internal

2

quotation marks omitted). The sentencing court may, however, apply a modified categorical approach—permitting reliance on a limited class of documents to determine the elements of the defendant's specific crime—to a "divisible" statute listing elements in the alternative to define multiple crimes. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

We agree that the district court improperly examined the facts underlying Ward's prior conviction for North Carolina common law robbery to find that the offense qualifies as a crime of violence. *See United v. Gardner*, 823 F.3d 793, 802-03 (4th Cir. 2016) (holding that North Carolina common law robbery is indivisible and, therefore, modified categorical approach is inapplicable). We conclude, however, that the court's error was harmless. Contrary to Ward's argument, we recently held that North Carolina common law robbery categorically qualifies a crime of violence as defined in § 4B1.2(a) and incorporated by reference into § 2K2.1(a)(4)(A). *United States v. Gattis*, ___ F.3d ___, No. 16-4663, 2017 WL 6001522, at *1, *4, *7 (4th Cir. Dec. 4, 2017); *see United States v. Jones*, 740 F.3d 127, 135 (3d Cir. 2014) (holding that sentencing court's improper use of modified categorical approach may be harmless if defendant's conviction categorically qualifies as crime of violence).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3