**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4237**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ANDIZA SIMMONS, a/k/a Horse,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:14-cr-00726-PMD-1)

Submitted: December 28, 2017            Decided: January 8, 2018

Before GREGORY, Chief Judge, and TRAXLER and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Beth Drake, United States Attorney, Nick Bianchi, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Andiza Simmons pled guilty to possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2012). He was sentenced to 80 months in prison. Simmons now appeals, raising one issue. We affirm.

According to Simmons' presentence investigation report, he previously had sustained at least two felony convictions of either a crime of violence or a controlled substance offense. The two offenses were South Carolina strong arm robbery and distribution of crack cocaine. In light of the prior convictions, Simmons' base offense level was 24. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2014). Simmons contends on appeal that the strong arm robbery conviction was erroneously treated as a qualifying crime of violence under the Guideline.

Simmons' claim is foreclosed by our decision in *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 1831 (2017). In *Doctor*, we held that South Carolina strong arm robbery is a violent felony for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012) (ACCA). *Id.* at 312. Decisions evaluating whether an offense qualifies as a violent felony under the ACCA are dispositive of whether the offense also qualifies as a crime of violence under the Guidelines. *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013). Accordingly, *Doctor* controls in this case, and strong arm robbery was properly found to be a qualifying crime of violence under USSG § 2K2.1(a)(2).

We therefore affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*