# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4670

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFRED LEWIS MANGLE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:15-cr-00220-BHH-1)

Submitted:  May 17, 2018                                    Decided:  May 18, 2018

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Elizabeth Jeanne Howard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfred Lewis Mangle pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Mangle to 46 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal. Although notified of his right to do so, Mangle has not filed a pro se supplemental brief. We affirm the district court's judgment.

We first review the adequacy of the Fed. R. Crim. P. 11 hearing; because Mangle did not move to withdraw his guilty plea, we review the hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). The magistrate judge[1] substantially complied with Rule 11 in conducting the plea colloquy, and we conclude

---

[1] Mangle consented to the magistrate judge accepting his guilty plea. *See United States v. Osborne*, 345 F.3d 281, 288-89 (4th Cir. 2003).

that the minor omissions[2] did not affect Mangle's substantial rights. *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013) (stating that, to demonstrate effect on substantial rights in Rule 11 context, defendant "must show a reasonable probability that, but for the error, he would not have entered the plea" (internal quotation marks omitted)).

Next, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

---

[2] The magistrate judge did not advise Mangle of (1) his right to counsel at all stages of the proceedings, (2) the possibility of forfeiture and restitution, and (3) the potential immigration consequences of his plea. *See* Fed. R. Crim. P. 11(b)(1)(D), (J), (K), (O). However, we note that Mangle has been represented by counsel at all stages of the proceedings, the court did not order forfeiture and restitution, and Mangle is an American citizen.

We discern no procedural error in this case. The district court correctly calculated Mangle's Guidelines range and allowed him to argue for an appropriate sentence. *See United States v. Doctor*, 842 F.3d 306, 307 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 1831 (2017). We further conclude that Mangle has failed to overcome the presumption of reasonableness accorded to his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Mangle, in writing, of the right to petition the Supreme Court of the United States for further review. If Mangle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mangle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*