**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4490

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN DEWAYNE BARR,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:17-cr-00377-RBH-1)

Submitted:  October 27, 2021                         Decided:  January 14, 2022

Before GREGORY, Chief Judge, and KING and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Alan Brown, Sr., Rock Hill, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Dewayne Barr pled guilty, pursuant to a written plea agreement, to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute a quantity of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1). He appeals, arguing that he was improperly sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Government seeks to dismiss the appeal based on the appellate waiver in the plea agreement.

We have recently held that an appellate waiver does not foreclose review of a sentence claimed to be "imposed in excess of the maximum penalty provided by statute. *United States Cornette*, 932 F.3d 204, 209 (4th Cir. 2019). Because Barr claims that his sentence exceeds the maximum sentence provided in the statute, we find that the waiver does not bar review of his claims. Therefore, we deny the motion to dismiss.

Turning to the merits of Barr's arguments, we find no reversible error in the district court's determination that he qualified as an armed career criminal. Barr first claims that his conviction for distribution of cocaine base does not qualify as a "serious drug offense" within the meaning of § 924(e). A serious drug offense means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). We review de novo the legal question of whether a prior conviction qualifies as a predicate for the ACCA. *United States v. Furlow*, 923 F.3d 311, 317 (4th Cir. 2019). We have reviewed the record and

2

conclude that the district court did not err in determining that Barr's prior state conviction qualified as a serious drug offense within the meaning of the ACCA.

Next, Barr claims that his conviction for South Carolina strong arm robbery was improperly counted as a crime of violence because it was based on an *Alford**plea. This court has held that South Carolina strong arm robbery qualifies categorically as a crime of violence under the ACCA. *See United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016). Nevertheless, Barr argues that, under this Court's holding in *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), a conviction pursuant to an *Alford* plea does not qualify as a predicate offense. In *Alston*, we addressed whether a Maryland second-degree assault conviction based on an *Alford* plea constituted a crime of violence. Applying the modified categorical approach, we held that the district court may not determine whether a prior conviction resulting from *Alford* plea constitutes a crime of violence by relying on "facts neither inherent in the conviction nor admitted by the defendant." *Id.* at 226. Barr's reliance on *Alston* is misplaced. Unlike the conviction at issue in *Alston*, strong arm robbery is categorically a crime of violence. *See Doctor*, 842 F.3d 306. Therefore, this claim fails as well.

We have also independently reviewed the record for possible error in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and *Greer v. United States*, 141 S. Ct. 2090 (2021). Given Barr's criminal history and statements he made at his Fed. R. Crim. P. 11 hearing, we find no error. We therefore affirm Barr's sentence. We dispense with oral argument

---

* *North Carolina v. Alford*, 400 U.S. 25 (1970).

3

because the facts and legal contentions are adequately presented in the materials before this

court and argument would not aid the decisional process.

*AFFIRMED*