**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-4851**

_____

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　v.

MARQUIL DESHAWN BALL, a/k/a Bam,

　　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:19-cr-00133-JFA-2)

_____

Submitted:  February 15, 2022　　　　　　　　　　Decided:  March 23, 2022

_____

Before WYNN, HARRIS, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Christopher R. Geel, GEEL LAW FIRM, LLC, Charleston, South Carolina, for Appellant.  M. Rhett Dehart, Acting United States Attorney, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquil Deshawn Ball pled guilty, pursuant to a written plea agreement, to armed robbery, in violation of 18 U.S.C. § 2113(a), (d), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Ball to 248 months' imprisonment and imposed $18,317 in restitution. Ball's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in sentencing Ball as a career offender. Ball filed pro se briefs, contending that one of his prior convictions no longer qualifies as a career offender predicate, that his sentence is unreasonable compared to the sentences of his codefendants, that the district court improperly denied his request for substitute counsel, and that the district court erred in ordering him responsible for the full restitution amount, jointly and severally with his codefendants.[1] We ordered supplemental briefing on the issue of whether the district court satisfied its obligations under *United States v. Leftwich*, 628 F.3d 665, 668 (4th Cir. 2010), with respect to the feasibility of the restitution schedule. For the following reasons, we affirm.

In the *Anders* brief, counsel questions whether the district court erred in sentencing Ball as a career offender. Because Ball did not object to his career offender designation at sentencing, we review this issue for plain error. *See United States v. Lynn*, 592 F.3d 572,

---

[1] Ball has also filed a letter with the court alleging mistreatment while incarcerated. Such allegations do not relate to the validity of Ball's convictions or sentence and are therefore not properly considered on direct appeal.

2

575-76 (4th Cir. 2010). "Under the plain error standard, this [c]ourt will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

> A defendant qualifies as a career offender if he
>
> was at least [18] years old at the time [he] committed the instant offense of conviction; the instant offense of conviction is a felony . . . crime of violence or . . . controlled substance offense; and the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

USSG § 4B1.1(a). A crime of violence is defined as a felony offense that either "has as an element the use, attempted use, or threatened use of physical force against the person of another" or is one of several enumerated offenses, including robbery. USSG § 4B1.2(a).

Each element of the career offender enhancement is met here. Ball was over 18 when he committed the conspiracy and § 924(c) offenses. Next, armed robbery in violation of 18 U.S.C. § 2113(a) is a felony crime of violence. *United States v. Johnson*, 915 F.3d 223, 227-28 (4th Cir. 2019). And Ball had two prior felony convictions for crimes of violence: a 2009 South Carolina conviction for strong arm robbery and a 2016 South Carolina conviction for attempted armed robbery. *See United States v. Doctor*, 842 F.3d 306, 309-12 (4th Cir. 2016) (holding that, for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e), South Carolina strong arm robbery has as an element the use, attempted

3

use, or threatened use of physical force against the person of another);[2] S.C. Code Ann. § 16-11-330 (2015) (providing that armed robbery and attempted armed robbery are identical with respect to the use of force).

In his pro se supplemental brief, Ball argues that his 2009 robbery conviction no longer qualifies as an adult conviction due to a change in South Carolina law. *See* S.C. Code Ann. § 63-19-20 (2010 & Supp. 2020) (defining juvenile as a person under 18 years old, effective July 1, 2019). There is no indication that this change in the law applies retroactively. We therefore conclude that the district court properly sentenced Ball as a career offender.

Ball also claims that his sentence is unreasonable because his codefendants received lighter sentences even though they committed one more robbery than Ball did. This disparity does not make Ball's sentence unreasonable. "[T]he kind of disparity with which [18 U.S.C.] § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." *United States v. Pyles*, 482 F.3d 282, 290 (4th Cir. 2007) (internal quotation marks omitted), *vacated on other grounds*, 552 U.S. 1089 (2008); *see United States v. Sampson*, 898 F.3d 287, 314 (2d Cir. 2018) ("Indeed, the primary purpose of § 3553(a)(6) is to reduce unwarranted sentence disparities on a *nationwide* level."). In addition, Ball's codefendants each pled guilty to only one robbery,

---

[2] We have recognized that "precedents interpreting crime of violence under the [Sentencing] Guidelines are interchangeable with precedents interpreting violent felony under the Armed Career Criminal Act." *United States v. McCollum*, 885 F.3d 300, 304 n.3 (4th Cir. 2018) (internal quotation marks omitted).

4

just as Ball did, and the district court explained that the codefendants' criminal histories were lower than Ball's, justifying the disparity.

Next, Ball challenges the district court's denial of his request for new counsel. "We review the denial of [a] motion for substitute counsel for abuse of discretion." *United States v. Horton*, 693 F.3d 463, 466 (4th Cir. 2012). Where, as here, "a district court has denied a request . . . to replace one court-appointed lawyer with another court-appointed lawyer," the inquiry focuses on "whether the initial appointment ceased to constitute Sixth Amendment assistance of counsel." *Id*. at 466-67 (internal quotation marks omitted). In making this determination, we consider three factors: "(1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *Id*. at 467 (internal quotation marks omitted). We "then weigh[] these factors against the district court's interest in the orderly administration of justice." *United States v. Perez*, 661 F.3d 189, 191 (4th Cir. 2011) (internal quotation marks omitted). Upon review of the record, we conclude that the district court did not abuse its discretion in denying Ball's request for substitute counsel.[3]

Finally, Ball challenges the restitution order, arguing that the district court erred in ordering him to pay full restitution jointly and severally with his codefendants. We ordered

---

[3] To the extent Ball seeks to raise an ineffective assistance of counsel claim, we only consider claims of ineffective assistance on direct appeal if the record conclusively shows that counsel was ineffective. *United States v. Campbell*, 963 F.3d 309, 319 (4th Cir.), *cert. denied*, 141 S. Ct. 927 (2020). Ball fails to meet this high standard.

5

supplemental briefing on the additional issue of whether the district court made adequate findings of fact pursuant to *Leftwich* with respect to the restitution order.  Ordinarily, we review a district court's order of restitution for abuse of discretion. *United States v. Ritchie*, 858 F.3d 201, 206 (4th Cir. 2017).  Because Ball did not raise the restitution arguments in the district court, we review for plain error. *United States v. Seignious*, 757 F.3d 155, 160 (4th Cir. 2014).  With respect to Ball's first restitution argument, "[i]f the court finds that more than [one] defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution . . . ."  18 U.S.C. § 3664(h).  The district court therefore did not commit plain error in holding each defendant jointly and severally liable for the full amount of restitution.

Additionally, the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A to 3664, requires a district court to set a restitution payment schedule "in consideration of—(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents."  18 U.S.C. § 3664(f)(2).  We have "interpreted this provision as requiring the district court to make factual findings keying the payment schedule to these factors and demonstrating the feasibility of the schedule." *Leftwich*, 628 F.3d at 668.  A district court may comply with its factfinding obligations "by announcing its findings on the record or by adopting adequate proposed findings contained within a presentence report." *United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000) (internal quotation marks omitted).

6

Upon review of the record, we conclude that the district court did not commit plain error in imposing the restitution schedule.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ball, in writing, of the right to petition the Supreme Court of the United States for further review. If Ball requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that counsel served a copy thereof on Ball.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*