589 S.E.2d 757

**The STATE, Respondent,**

v.

**Jerry ROSEMOND, Petitioner.**

**No. 25751.**

Supreme Court of South Carolina.

Heard Oct. 7, 2003.

Decided Nov. 24, 2003.

---

conviction was overturned on appeal for legal error is admissible for impeachment in subsequent trial).

428

Assistant Appellate Defender Robert M. Dudek, of the South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, of Columbia, and Solicitor Robert M. Ariail, of Greenville, for respondent.

Justice MOORE:

We granted certiorari to determine whether the Court of Appeals erred by finding petitioner was not entitled to a directed verdict on the charge of strong armed robbery. *State v. Rosemond,* 348 S.C. 621, 560 S.E.2d 636 (Ct.App.2002). We affirm as modified.

## FACTS

Petitioner was charged with strong armed robbery, resisting arrest, and assault and battery with intent to kill. After being found guilty on all counts, he was sentenced to six-years imprisonment, to be served concurrently, on each count.

At trial, Barbara Murray testified she was working the second shift at a convenience store on the night of the crime. Around 9:00 p.m., petitioner walked in and, without speaking, entered the bathroom. At the time, Murray was on the other side of the cash register sweeping. After about five minutes, petitioner came out of the bathroom and went behind the counter to the register. Petitioner never said anything to Murray. He pushed the buttons on the register in an attempt to open it. When this failed, he grabbed the bottom of the two-piece register and flipped it into the air. The register fell on the floor and petitioner lifted it and slammed it down. The

register popped open and petitioner grabbed the money and fled.

Murray testified she was just a few feet from petitioner at the time. When petitioner went behind the counter, Murray stated she ran behind the freezer door because she was scared. In response to the question about what exactly scared her, Murray stated: "Just the way he looked. I mean, he didn't say anything. He didn't move toward anybody, he just looked, that's all, it was like a glare." She further testified petitioner's act of lifting the register and slamming it to the ground frightened her because they were "pretty heavy" registers. Murray identified petitioner as the perpetrator.

Defense counsel moved for a directed verdict on the strong armed robbery charge and stated it should be reduced to a larceny charge because petitioner did not act with force or intimidation when carrying out his crime. The trial court denied the motion. Petitioner then testified and denied being involved in the crime.

The trial court granted defense counsel's request that the court charge petit larceny, the lesser-included offense to strong armed robbery. However, the jury found petitioner guilty of strong armed robbery and the Court of Appeals affirmed.

## ISSUE

Was petitioner entitled to a directed verdict on the charge of strong armed robbery?

## DISCUSSION

A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged. *State v. McHoney,* 344 S.C. 85, 544 S.E.2d 30 (2001). In reviewing a motion for directed verdict, the trial judge is concerned with the existence of the evidence, not with its weight. *Id.* On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State. *Id.* If there is any direct evidence or substantial circumstantial evidence reasonably tending to

prove the guilt of the accused, the appellate court must find the case was properly submitted to the jury. *Id.*

Strong armed robbery is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear. *State v. Gourdine,* 322 S.C. 396, 472 S.E.2d 241 (1996). The gravamen of a robbery charge is a taking from the person or immediate presence of another by violence or intimidation. *State v. Hiott,* 276 S.C. 72, 276 S.E.2d 163 (1981). When determining whether the robbery was committed with intimidation, the trial court should determine whether an ordinary, reasonable person in the victim's position would feel a threat of bodily harm from the perpetrator's acts. *See, e.g., United States v. Wagstaff,* 865 F.2d 626 (4th Cir.), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3193, 105 L.Ed.2d 701 (1989) (taking by intimidation occurs when ordinary person in bank teller's position reasonably could infer threat of bodily harm from defendant's acts).

We conclude there was evidence petitioner took the money from the register in the immediate presence of Murray by force and intimidation. An ordinary, reasonable person in Murray's position would have felt a threat of bodily harm from petitioner's acts. *See State v. Gourdine, supra; State v. Hiott, supra.* After petitioner exited the bathroom, he immediately went behind the register and intimidated Murray by glaring at her. Further, after his attempt to open the register failed, he acted with force by flipping the heavy register in the air and then lifting it and slamming it down to open it. Murray indicated she was scared because petitioner glared at her and because he was able to lift the heavy register and slam it to the ground. These facts are sufficient to support the trial court's decision to deny the directed verdict motion on the strong armed robbery charge.

The Court of Appeals found that Murray's fears of being harmed by the perpetrator were reasonable based on the testimony of the arresting officers that petitioner punched and struggled with them and lifted one officer off the ground and slammed him to the ground. It is improper to consider petitioner's subsequent actions because they are irrelevant to

a determination whether petitioner had acted with force or intimidation at the time of the crime. Accordingly, we

**AFFIRM AS MODIFIED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.