**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4890**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

TRAVIS DEQUINCY CROFT,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  J. Michelle Childs, District Judge.  (6:10-cr-01090-JMC-1)

Submitted: June 27, 2013    Decided:  July 16, 2013

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Dequincy Croft appeals the 188-month sentence imposed following his guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), and being a felon in possession of a firearm and aiding and abetting, in violation of 18 U.S.C. §§ 922(g), 924(a)(2), 924(e), 2 (2006). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Croft's sentence is procedurally reasonable. Croft has filed a pro se supplemental brief moving this court to hold his appeal in abeyance pending the Supreme Court's decision in Alleyne v. United States, No. 11-9335. Finding no error, we deny Croft's motion and affirm the district court's judgment.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, and failing to adequately explain the selected sentence. Id. To adequately explain the sentence, the district court must make an

2

"individualized assessment," by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the Guidelines range, this court applies a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Our review of the record leads us to conclude that the district court did not commit procedural error in imposing Croft's sentence. The court properly calculated Croft's Guidelines range, treated the range as advisory, considered the § 3553(a) factors, and provided an adequate individualized assessment. We further conclude that Croft's sentence is substantively reasonable, as he presents no evidence to rebut the presumption of reasonableness. We therefore affirm Croft's sentence.

In his pro se brief, Croft challenges the increase of his mandatory minimum sentence based on his status as an armed career criminal, which itself was based on the district court's finding of Croft's prior convictions by a preponderance of the evidence. Croft therefore moved this court to hold his appeal

3

in abeyance pending the Supreme Court's decision in Alleyne. The Supreme Court has now issued its opinion, holding that any fact other than a prior conviction that increases a defendant's mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt. Alleyne v. United States, No. 11-9335, 2013 WL 2922116, at *7 (June 17, 2013). In light of the Supreme Court's decision in Alleyne, we deny Croft's motion as moot. Moreover, because Alleyne did not disturb Almendarez-Torres v. United States, 523 U.S. 224 (1998), which authorizes a district court to apply an enhanced sentence based upon its finding of applicable prior convictions, Croft's challenge must fail. Alleyne, 2013 WL 29922116 at *9 n.1.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. The district court properly conducted the plea hearing in accordance with Federal Rule of Criminal Procedure 11 and ensured that Croft's plea was knowing and voluntary. We therefore deny Croft's motion to hold his appeal in abeyance, and affirm his conviction and sentence. This court requires that counsel inform Croft, in writing, of his right to petition the Supreme Court of the United States for further review. If Croft requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's

4

motion must state that a copy thereof was served on Croft.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED