**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Interest of Cleo B., a Juvenile under the Age of Seventeen, Appellant.

Appellate Case No. 2012-211509

Appeal From Richland County
James F. Fraley, Jr., Family Court Judge

Unpublished Opinion No. 2013-UP-472
Submitted November 1, 2013 – Filed December 18, 2013

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Kate Keeney, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Rosemond*, 356 S.C. 426, 429, 589 S.E.2d 757, 758 (2003) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); *State v. Gibson*, 390 S.C. 347, 353, 701 S.E.2d 766, 769 (Ct. App. 2010) ("When reviewing the denial of a motion for a directed verdict, an appellate court must review the evidence, and all inferences therefrom, in the light

most favorable to the State."); *In re Walter M.*, 386 S.C. 387, 391, 688 S.E.2d 133, 135 (Ct. App. 2009) ("We will affirm the family court's denial of a directed verdict in a juvenile delinquency matter if it is supported by any evidence."); *Rosemond*, 356 S.C. at 430, 589 S.E.2d at 758 ("Strong armed robbery is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear."); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("Under accomplice liability theory, a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act." (internal quotation marks omitted)); *id.* at 480, 697 S.E.2d at 584 ("In order to be guilty as an aider or abettor, the participant must be chargeable with knowledge of the principal's criminal conduct."); *State v. Thompson*, 374 S.C. 257, 262, 647 S.E.2d 702, 705 (Ct. App. 2007) ("Mere presence and prior knowledge that a crime was going to be committed, without more, is insufficient to constitute guilt.").

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.