**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-6627**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS DEQUINCY CROFT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina at Greenville. J. Michelle Childs, District Judge. (6:10-cv-00064-JMC-1; 6:16-cv-00064-JMC)

Argued: December 10, 2020                           Decided: January 29, 2021

Before MOTZ, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by published opinion. Judge Quattlebaum wrote the opinion, in which Judge Motz and Judge Thacker joined.

**ARGUED:** Anwar Lord Graves, O'MELVENY & MYERS LLP, Washington, D.C., for Appellant. Kathleen Michelle Stoughton, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** Shannon Barrett, David K. Roberts, Michael Rosenblatt, O'MELVENY & MYERS LLP, Washington, D.C., for Appellant. Peter M. McCoy, Jr., United States Attorney, Brook B. Andrews, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

QUATTLEBAUM, Circuit Judge:

The question here is whether a conviction under South Carolina's carjacking statute, S.C. Code § 16-3-1075, which prohibits taking or attempting to take a motor vehicle "by force and violence or by intimidation while the person is operating the vehicle or while the person is in the vehicle," is a violent felony predicate under the Armed Career Criminal Act ("ACCA"). To qualify as a violent felony, a predicate crime must have as an element the use, attempted use or threatened use of physical force against another person. In appealing the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2255, Travis Croft claims that S.C. Code § 16-3-1075 does not. Croft's argument comes down to whether "intimidation," as it is used in the carjacking statute, requires the threat of physical force against the person in the vehicle. Although South Carolina courts have not explicitly interpreted the carjacking statute, the state has given us every indication that it meant "intimidation" in its carjacking statute to require the use, attempted use or threat of physical force against the person in the vehicle. Therefore, we affirm the district court's conclusion that South Carolina carjacking is a violent felony under the ACCA and affirm the denial of Croft's petition.[1]

---

[1] Our task was made easier by the exemplary advocacy and briefing of both parties' counsel.

I.

We begin by recapping the events that led to Croft's sentence. In 2003, Croft pled guilty to carjacking in violation of S.C. Code § 16-3-1075 and was sentenced to thirty months in prison.[2] Seven years later, Croft pled guilty to the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). At sentencing for those charges, the government asserted that Croft was an armed career criminal based on two prior convictions of distributing crack cocaine and the 2003 South Carolina carjacking conviction. The district court agreed and sentenced Croft to 188 months in prison, applying the ACCA's fifteen-year minimum. We affirmed Croft's sentence enhancement as an armed career criminal. *See United States v. Croft*, 533 F. App'x 187 (4th Cir. 2013).

During Croft's imprisonment, the Supreme Court held in *Johnson v. United States*, 576 U.S. 591, 597 (2015), that the ACCA's residual clause was unconstitutionally vague. Soon after, it determined that its holding in *Johnson* applied retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

That same year, Croft filed a § 2255 motion to collaterally attack his sentence, arguing that *Johnson* changed the substantive law of his conviction because his South Carolina carjacking offense no longer qualified as a predicate offense under the ACCA. More specifically, Croft argued that the South Carolina carjacking statute could only be a

---

[2] The record does not contain the facts pertaining to this conviction as the relevant court destroyed the records pursuant to its document retention policy. In any event, they would not assist us in applying the categorical approach.

2

predicate offense under the ACCA's residual clause, and, therefore, he no longer had enough predicate offenses to be sentenced as an armed career criminal. The government disagreed, arguing that the statute describes a violent felony under the ACCA's force clause because it requires the use, attempted use or threat of physical force against another person.

The district court denied Croft's motion to vacate his sentence. It identified three predicate convictions: two drug offenses, which Croft conceded were "serious drug offenses" under the ACCA, and the carjacking offense. 18 U.S.C. § 924(e)(2)(A). The district court reasoned that, although South Carolina has no precedent directly on point, its carjacking statute was a violent felony under the ACCA's force clause because it shared the same intimidation element as South Carolina robbery, which we held was a violent felony in *United States v. Doctor*, 842 F.3d 306, 309 (4th Cir. 2016). The district court concluded that Croft was not sentenced under the ACCA's residual clause and, therefore, was not eligible for relief under *Johnson*. It noted, however, that "[i]t is not a settled point of law that the South Carolina carjacking statute satisfies the physical force requirement" of an ACCA violent felony predicate. J.A. 66. The district court thus granted Croft a certificate of appealability on this specific question.

Croft filed two motions for reconsideration, which the district court denied. He then timely appealed to this Court, advancing the same arguments he pressed below.

3

II.

To address Croft's arguments on appeal, we first describe the analytical framework for our inquiry before applying it to the South Carolina carjacking statute to determine whether the statute qualifies as a violent felony predicate under the ACCA.[3]

A.

To qualify as a violent felony under the ACCA, a predicate crime must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." *Doctor*, 842 F.3d at 308 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). Physical force "means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Force that is sufficient "to overcome a victim's physical resistance is inherently 'violent.'" *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019).

Whether a state crime is classified as a violent felony predicate under the ACCA is determined by either the categorical or the modified categorical approach. *See Descamps v. United States*, 570 U.S. 254, 271–72 (2013). The categorical approach applies when the statute has an indivisible set of elements, whereas the modified categorical approach applies when the statute is divisible. *Id.* Here, the parties agree that we should apply the

---

[3] In doing this analysis, we review de novo the district court's conclusions of law underlying denial of a § 2255 motion. *See United States v. Fulks*, 683 F.3d 512, 516 (4th Cir. 2012). Whether an offense constitutes a violent felony under the ACCA is a question of law, and therefore we review it de novo. *See United States v. Cornette*, 932 F.3d 204, 207 (4th Cir. 2019).

4

categorical approach. Based on our precedent, we agree. *See United States v. Burns-Johnson*, 864 F.3d 313, 316 (4th Cir. 2017).

To apply the categorical approach, we review the elements of the offense to determine the minimum conduct necessary for a violation as defined by state law, disregarding the particular facts underlying the defendant's conviction. *Id.* at 316. In that assessment, we must "rely on the interpretation of the offense rendered by the courts of the state in question." *Id.* (citing *United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017)). Thus, South Carolina law controls our inquiry here.

Additionally, in determining the "minimum conduct" required to obtain a conviction for a state crime, we must ask whether there is "'a realistic probability, not a theoretical possibility,' that a state would actually punish that conduct." *Doctor*, 842 F.3d at 308 (quoting *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016)). Therefore, we need not "conjure up fanciful fact patterns in an attempt to find some nonviolent manner in which a crime can be committed." *United States v. Salmons*, 873 F.3d 446, 451 (4th Cir. 2017); *see also Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684–85 (2013) ("[O]ur focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense . . . .") (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

### B.

South Carolina's carjacking statute requires proof that the defendant "(i) took, or attempted to take, a motor vehicle from another person; (ii) by force and violence or by intimidation; (iii) while the person was operating the vehicle or while the person was in the

vehicle." *State v. Elders*, 688 S.E.2d 857, 862 (S.C. Ct. App. 2010) (citing S.C. Code Ann. § 16-3-1075(B)). Under the categorical approach, the question becomes whether "intimidation," as it is used in S.C. Code § 16-3-1075, requires the use, attempted use or threat of violent, physical force against the person in the vehicle. If it does not, then it is possible a person could be convicted of carjacking in South Carolina without committing a violent felony as defined in the ACCA.

As Croft properly notes, South Carolina courts have not defined "intimidation" in the carjacking statute. Accordingly, Croft argues the plain, and thus broader, meaning of "intimidation" applies. Using that approach, he contends that "intimidation" includes non-violent threats and coercion. For example, one could threaten a car owner with economic harm in order to obtain the vehicle. Croft argues that example does not involve the threat of violence but still violates the statute. Therefore, according to Croft, a violation of the South Carolina carjacking statute is not categorically a violent felony.

We disagree. The statute's text, surrounding caselaw and the historical context of the statute's passage all demonstrate that "intimidation" in the carjacking statute requires the threat of physical force against the person in the vehicle. Croft's reference to other statutes in South Carolina and other state carjacking statutes does not save his argument. As all roads led to Rome during its empire, here all roads lead to the conclusion that S.C. Code § 16-3-1075 is categorically a violent felony under the ACCA.

1.

We begin with the statute's text. In order to commit carjacking, a defendant must take a motor vehicle from someone "while the person is in the vehicle." S.C. Code § 16-3-

6

1075(B). This context narrows the scope of "intimidation." Wielding economic leverage may be intimidation in other contexts, but it does not make sense when taking a vehicle from a person who is in it. Simply put, context matters, and Croft's arguments are divorced from that statutory context.

Further, it is important to remember that our analysis must not devolve into the use of "legal imagination" to develop "fanciful fact patterns" that violate the statute without the threat of violence. *Moncrieffe*, 133 S. Ct. at 1685; *Salmons*, 873 F.3d at 451. Croft's arguments invite us to do just that. The examples Croft conjures up may be theoretically possible. But there is not a "realistic probability" they would occur. *Doctor*, 842 F.3d at 308. Consistent with that principle, no South Carolina courts have affirmed carjacking convictions that do not involve violence or the threat of violent force. Croft therefore cannot "point to . . . actual cases in order to demonstrate that a conviction for a seemingly violent state crime could in fact be sustained for nonviolent conduct." *Salmons*, 873 F.3d at 451. Although not determinative, this absence militates against Croft's arguments.

2.

Croft claims the text of the carjacking statute supports his argument. According to Croft, by using "intimidation," the South Carolina General Assembly intended the broader interpretation of that term found in other statutes. Specifically, Croft points to the criminal sexual conduct in the third degree, witness intimidation and unlawful use of a telephone statutes. None of those examples are persuasive. The criminal sexual conduct statute uses the word "coercion" rather than "intimidation," so it does not tell us anything about how the legislature meant to define "intimidation" in carjacking. *See* S.C. Code § 16-3-654(2).

7

And the witness intimidation statute considers "intimidate" as the ends, not the means, of the criminal conduct. *See* S.C. Code § 16-9-340(A)(1) (prohibiting "by *threat or force* to intimidate or impede a judge, magistrate, juror, witness, or potential juror . . .") (emphasis added). Thus, the statute explicitly contemplates using non-violent "threat[s]" as leverage for the purpose of "intimidat[ing]" a judicial decision-maker. *Id.* The use of "intimidate" in the unlawful use of a telephone statute is similar. *See* S.C. Code § 16-17-430(A)(2) (prohibiting use of a telephone to "threaten . . . with the intent to . . . intimidate"). Those are wholly different uses than the carjacking statute's use of "intimidation," which prohibits it as the means of taking a vehicle from a person while the person is in it.

3.

Turning next to caselaw, while South Carolina courts have not defined "intimidation" in the context of the carjacking statute, they have in the context of common-law robbery. In *State v. Rosemond*, the South Carolina Supreme Court defined robbery as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." 589 S.E.2d 757, 758 (S.C. 2003). It explained that a defendant therefore can commit robbery by "violence" or by "intimidation." *Id.* at 758–59. In defining "intimidation" in the robbery context, the South Carolina Supreme Court borrowed from federal bank robbery law. Specifically, it explained, "[w]hen determining whether the robbery was committed with intimidation, the trial court should determine whether an ordinary, reasonable person in the victim's position would feel a threat of *bodily harm* from the perpetrator's acts." *Id.* at 759 (citing *United States v. Wagstaff*, 865 F.2d 626 (4th Cir. 1989)) (emphasis added).

8

In *Wagstaff*, this Court concluded that "taking 'by intimidation'" in the federal bank robbery statute, 18 U.S.C. § 2113(a), required a threat of bodily harm. 865 F.2d at 627. The South Carolina Supreme Court thus imputed the federal bank robbery statute's definition of "intimidation" into its common-law robbery definition.

In fact, we reached that very conclusion in *Doctor*. 842 F.3d 306. This Court held that South Carolina common-law robbery was a violent felony under the ACCA because "the South Carolina Supreme Court modeled its definition of intimidation in robbery cases after the one this Circuit uses in federal bank robbery cases . . . ." *Id.* at 309. And because the *Wagstaff* definition of "intimidation" required "a threat of violent force," South Carolina robbery must categorically qualify as a "violent felony" ACCA predicate. *Id.* at 310.

South Carolina's definition of "intimidation" in robbery provides compelling weight to our interpretation of "intimidation" in the carjacking statute because carjacking is a type of robbery. Apart from whether carjacking is criminalized by statute, it is a specific example of common-law robbery. *See Jones v. United States*, 526 U.S. 227, 235 (1999) (noting that "carjacking is a type of robbery"); 4 Wharton's Criminal Law § 468 (15th ed.) ("A relatively modern variation of robbery is the offense of 'carjacking.'"). In fact, before carjacking statutes were enacted, carjacking was prosecuted as robbery, and it still is in states that lack a specific carjacking statute. *See United States v. Arnold*, 126 F.3d 82, 92 (2d Cir. 1997) (Miner, J., dissenting) (collecting cases and discussing New York state prosecutions of carjacking under its generalized robbery statute); *see also* NAT'L CONFERENCE OF STATE LEGISLATURES, AUTO THEFT & CARJACKING STATE STATUTES

(2008) (listing states without carjacking statutes where such conduct "[m]ay be prosecuted under general robbery statute"). The elements of South Carolina carjacking neatly overlap the more generalized elements of common-law robbery: (1) the taking of personal property (a motor vehicle); (2) from the person of another or in his presence (a person in a vehicle); (3) by violence (force and violence) or by putting such person in fear (intimidation). *Compare Rosemond*, 589 S.E.2d at 758, *with Elders*, 688 S.E.2d at 862. Carjacking in South Carolina can thus be characterized as a subset of robbery. We already know that South Carolina defines the intimidation element of common-law robbery as requiring a "threat of bodily harm." *Rosemond*, 589 S.E.2d at 759. Because carjacking is just one specific type of robbery, *Rosemond* provides strong evidence that South Carolina would define "intimidation" the same way in its carjacking statute.

Croft tries to distinguish the carjacking statute from common-law robbery, arguing that the South Carolina General Assembly intentionally chose to use different language in the carjacking statute. He points to the legislature's choice not to include the phrase "putting such a person in fear" in the carjacking statute, while it is an element of common-law robbery. Croft argues this difference imparts an intent to define "intimidation" differently in carjacking than in common-law robbery. It is true that we presume the legislature is aware of the common law, and a choice to use a phrase not rooted in the common law may be an indication that the legislature meant something different. *See United States v. Drummond*, 925 F.3d 681, 695–96 (4th Cir. 2019). But here, it is a distinction without a difference. Although in *Rosemond* the South Carolina Supreme Court outlines the analogous intimidation element in common-law robbery as "putting such

10

person in fear," South Carolina courts have used "putting such person in fear" and "intimidation" interchangeably even before the legislature passed the carjacking statute. *Rosemond*, 589 S.E.2d at 758; *see, e.g.*, *State v. Hiott*, 276 S.E.2d 163, 167 (S.C. 1981) ("The gravamen of a robbery charge is a taking from the person or immediate presence of another by violence or intimidation."); *Young v. State*, 192 S.E.2d 212, 214 (S.C. 1972) ("Robbery is larceny from the person or immediate presence of another by violence or intimidation."). Because South Carolina courts have used "intimidation" interchangeably with "putting such person in fear," the legislature's choice to use "intimidation" in the carjacking statute does not indicate any desire to depart from the common-law definition.

4.

If the carjacking statute's text and robbery caselaw were not enough, the historical context of the carjacking statute's passage bolsters our interpretation of it, rather than the one Croft proffers. South Carolina's carjacking statute was modeled off the federal one. In fact, S.C. Code § 16-3-1075 borrows the "by force and violence or by intimidation" phrase directly from the federal carjacking statute. *See* 18 U.S.C. § 2119. And the South Carolina statute was enacted shortly after the federal one. *See* Anti Car Theft Act of 1992, Pub. L. No. 102-519, 106 Stat. 3384 (1992); Act No. 163, 1993 S.C. Acts 529 (June 15, 1993). Federal courts have uniformly understood the "by force and violence or by intimidation" phrase to require the use, attempted use or threatened use of physical force, and this Court has already interpreted the federal carjacking statute in that manner. *See United States v. Evans*, 848 F.3d 242, 246–47 (4th Cir. 2017) (interpreting federal carjacking statute); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (collecting cases interpreting

11

the same phrase in a variety of federal statutes). [4] Although federal law does not control our question here—South Carolina law does—to the extent Croft argues the South Carolina legislature intended to depart from its understanding of "intimidation" in common-law robbery, it seems that it intended to import the use of "intimidation" from the federal carjacking statute. Because we have already held that "intimidation" in the federal carjacking statute requires the use or threat of physical force, this theory does not help Croft.[5]

5.

In a final attempt to salvage the possibility of a broad interpretation of "intimidation" in S.C. Code § 16-3-1075, Croft points to other state carjacking statutes that have been interpreted to require merely non-violent intimidation. But those cases ground their interpretations on evidence from pattern jury instructions that define the intimidation element broadly to encompass non-violent conduct. *See United States v. Baldon*, 956 F.3d 1115, 1124–25 (9th Cir. 2020) (pointing to California's pattern jury instructions that allowed a carjacking conviction based upon intimidation of threatening a destruction of

---

[4] Croft emphasizes that 18 U.S.C. § 2119 contains a specific intent requirement to cause "death or serious bodily harm," which S.C. Code § 16-3-1075 lacks. But this Court in *Evans* did not consider the intent requirement in reaching its interpretation. 848 F.3d at 246–47. The operative phrase, "by force and violence or by intimidation," has been consistently interpreted in federal law the same way, regardless of whether a statute contains the intent requirement. *See McNeal*, 818 F.3d at 153.

[5] Croft points to *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017), in response to this point. *Winston* makes clear that a federal interpretation does not control the interpretation of the same language in a state law. 850 F.3d at 686. But it does not instruct us to ignore federal law altogether when there is evidence that the state law was modeled off federal law.

property); *Shropshire v. United States*, 259 F. Supp. 3d 798, 804–05 (E.D. Tenn. 2017) (pointing to Tennessee's pattern jury instructions which defined "intimidation" to include a broad understanding of coercion). We lack similar evidence from South Carolina. There is no evidence that South Carolina's pattern jury instructions describe a broad understanding of the intimidation element in carjacking. Nor is there a single case from South Carolina where courts have applied the carjacking statute to conduct involving intimidation that lacked a threat of force against another person.

## III.

No matter how we trace "intimidation" in S.C. Code § 16-3-1075 back to discern the legislature's intent, all roads lead to the same place—a requirement of threatening physical force against the person in the vehicle. S.C. Code § 16-3-1075 is thus a violent felony predicate under the ACCA. Croft's § 2255 motion to vacate his sentence must therefore be denied. For the reasons set forth above, the judgment below is

*AFFIRMED.*