**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4316

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LEDGER LYNN HAMMONDS, JR.,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:18−cr−00050−FL−1)

Submitted:  October 3, 2022                    Decided:  November 9, 2022

Before WILKINSON and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Frank H. Harper, II, EVERETT & HITE, LLP, Greenville, North Carolina, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Acting Deputy Assistant Attorney General, Thomas E. Booth, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy P. Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After several buffalo on his farm were shot and killed, a local rancher began to suspect his nephew and neighbor with a criminal record, Ledger Hammonds. Law enforcement obtained a warrant and searched Hammonds's home, where they found two firearms. After a conditional guilty plea in 2021, Hammonds was convicted of possession of a firearm by a felon, in violation of 18. U.S.C. § 922(g)(1). The district court sentenced him to 180 months in prison. Hammonds timely appealed, claiming he was wrongly denied an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and contesting his sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). The district court did not err in either finding, so we affirm.

I.

In 2015, law enforcement began interviewing people in connection with animal cruelty complaints after several buffalo were found dead on a local farm. Police interviewed Ronald Hammonds, who owned the herd of buffalo and reported that he heard a gunshot and saw someone with a flashlight near his pasture at night. Ronald initially said he might have seen Joshua Hammonds, but then corrected himself and said it was Ledger Hammonds—Ronald's nephew with a criminal record who lived nearby. Ronald also reported that he had previously suspected Ledger of stealing his rifle and that he and Ledger had gotten into an altercation over trespassing.

Based on this information, Investigator Erich Von Hackney submitted an affidavit requesting a search warrant for the home of Ledger Hammonds. Von Hackney used Ronald's statements in the affidavit, but he also relied on an interview with a local animal

2

cruelty investigator, who reported that she saw Hammonds with a firearm on two separate occasions. Von Hackney thus asserted there was probable cause to believe Ledger Hammonds had committed the crimes of cruelty to animals and possession of a firearm by a convicted felon. *United States v. Hammonds*, No. 7:18-CR-050-FL-1, 2019 WL 5626276 at *2 (E.D.N.C. Oct. 30, 2019).

The court approved the search warrant, and when police executed the search, they found a rifle and a handgun in Hammonds's home. *Id.* As a result, Hammonds was indicted and charged with a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. 922(g)(1). Hammonds moved to suppress the evidence discovered at his home, alleging that the search warrant affidavit recklessly or intentionally omitted information in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). Hammonds demanded an evidentiary hearing—a *Franks* hearing—to show these omissions.

A magistrate judge recommended denying this motion, which the district court followed, reasoning that Hammonds's assertions failed to show reckless or intentional omissions. *Hammonds*, 2019 WL 5626276 at *4. The district court also found that Hammonds qualified for a sentence enhancement under the Armed Career Criminal Act for past convictions of breaking and entering under North Carolina General Statute § 14-54. J.A. 95–97. Hammonds conditionally pled guilty and was sentenced to 180 months in prison.

## II.

Hammonds appeals on two issues. First, he challenges the denial of his suppression motion and his requested *Franks* hearing, which he argues should have been granted

3

because the search warrant either intentionally or recklessly omitted material facts that undermine a finding of probable cause. Appellant's Opening Brief at 13. Second, Hammonds challenges his sentence enhancement, asserting that breaking and entering is not "a crime of violence for purposes of the Armed Career Criminal Act because the North Carolina Statute is broader than [] generic breaking and entering." *Id.* at 14. We address each issue in turn.

## A.

"In considering whether the district court should have ordered a *Franks* hearing, we review legal determinations de novo and any factual findings for clear error." *United States v. Seigler*, 990 F.3d 331, 344 (4th Cir. 2021). The veracity of a facially valid search warrant affidavit is generally not open to challenge, but in *Franks v. Delaware*, 438 U.S. 154 (1978), "the Supreme Court carved out a narrow exception to this rule," *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011), allowing the affidavit to be challenged if the defendant can show a false statement or misleading omission.

When arguing there was an omission, as Hammonds does here, the "burden increases yet more" for an affidavit "cannot be expected to include . . . every piece of information gathered in the course of an investigation." *United States v. Tate*, 524 F.3d 449, 454–55 (4th Cir. 2008) (quoting *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir.1990)). Hammonds "must show that the omissions were '*designed to mislead*'" or "made in *reckless disregard of whether they would mislead*," and that the omissions "would defeat probable cause." *United States v. Clenney*, 631 F.3d 658, 664 (4th Cir. 2011) (quoting *Colkley*, 899 F.2d at 301).

Hammonds argues that the affidavit omitted information such as inconsistencies in Ronald Hammonds's statements and the fact that Ledger Hammonds brought charges against Ronald after a trespassing incident. He also contends that the affidavit omitted the fact that the animal cruelty investigator, who reported seeing Hammonds twice with a firearm, was wrong about the dates she saw Hammonds.

Hammonds, however, cannot make the required showing. The allegations regarding Ronald's interview fall short of showing that these omissions were intended to mislead. As we have explained, "the very process of selecting facts to include for the demonstration of probable cause must [] be a deliberate process of omitting pieces of information." *Tate*, 524 F.3d at 455. A mere assertion of omitted information lacks the requisite showing of intentionality or recklessness. Thus, it "does not fulfill *Franks'* requirements." *Id.*

Regarding the allegedly erroneous dates reported by the animal cruelty investigator, simple mistakes do not rise to the level of intentional or reckless omissions. *Tate*, 524 F.3d at 454 (explaining that allegations of "innocent mistakes are insufficient"). Moreover, mistakes regarding the dates on which Hammonds was seen possessing a firearm would not defeat probable cause. As a felon, he should not have had a firearm on any date. Absent evidence that the omitted information was *designed* to mislead, Hammonds cannot carry the burden needed to obtain a *Franks* hearing.

## B.

"Whether an offense constitutes a violent felony under the ACCA is a question of law, and therefore we review it de novo." *United States v. Croft*, 987 F.3d 93, 97 n.3 (4th Cir. 2021). Under the ACCA, a person convicted of violating 18 U.S.C. § 922(g) who has

5

three prior convictions for a violent felony is subject to a sentence enhancement of 15 years. *United States v. Dodge*, 963 F.3d 379, 381 (4th Cir. 2020) (citing 18 U.S.C. § 924(e)(1)). The district court enhanced his sentence because Hammonds had been convicted of breaking and entering in North Carolina multiple times. We have previously addressed whether breaking and entering as defined in North Carolina General Statute § 14-54 is a violent felony under the ACCA, and we have already held that it is. *United States v. Dodge*, 963 F.3d 379, 385 (4th Cir. 2020).

Hammonds argues that breaking and entering is not a violent felony because the definition of "building" in the North Carolina statute is broader than the generic definition. Hammonds, however, acknowledges that we rejected this argument in *Dodge*. Appellant's Opening Brief at 26–27. Hammonds's only response is to urge us to overturn *Dodge*, but this argument runs headfirst into the well-known rule that "only the full court, sitting en banc, can overrule" a past panel's decision. *Demetres v. East Coast West Const., Inc.*, 776 F.3d 271, 275 (4th Cir. 2015). Thus, the district court did not err in concluding that Hammonds's breaking and entering offenses triggered a sentence enhancement.

In sum, the district court did not err in its conclusions of fact or law, and its judgment is therefore affirmed.

*AFFIRMED*