**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4395**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOHN PAUL OUTEN,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:21-cr-00147-LCB-1)

---

Submitted:  March 22, 2023                              Decided:  April 6, 2023

---

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Paul Outen pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).\* The district court determined that Outen was subject to a mandatory minimum 15-year sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because Outen had previously been convicted of at least three violent felonies, including multiple convictions for felony breaking and/or entering pursuant to N.C. Gen. Stat. § 14-54(a) (2021).  *See* 18 U.S.C. § 924(e)(1).  The court sentenced Outen to 180 months' imprisonment.  Outen timely appealed.

Outen's sole assertion on appeal is that his North Carolina breaking and/or entering convictions cannot serve as predicate offenses under the ACCA because they do not qualify as "violent felon[ies]." *See* 18 U.S.C. § 924(e)(1) (providing 15-year mandatory minimum sentence for individual convicted under 18 U.S.C. § 922(g) with three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another").  As relevant here, a "violent felony" under the ACCA is "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary" or one of several other enumerated crimes. *Id.* § 924(e)(2)(B)(ii).  "Whether an offense constitutes a violent felony under the ACCA is a question of law, and therefore we review it de novo." *United States v. Croft*, 987 F.3d 93, 97 n.3 (4th Cir. 2021).

---

\* Section 924(a)(2) was amended following Outen's conviction and no longer provides the penalty for § 922(g) convictions. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).

In analyzing whether a conviction under state law qualifies as "burglary" under the ACCA, "we compare the elements of the offense in question with the elements of burglary, under burglary's generic definition." *United States v. Mungro*, 754 F.3d 267, 269 (4th Cir. 2014). The generic definition of burglary is "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). If the elements of the state offense are the same as or narrower than the generic definition, then a conviction under the state statute constitutes a predicate violent felony conviction under the ACCA. *United States v. Dodge*, 963 F.3d 379, 382 (4th Cir. 2020).

Outen argues that convictions under North Carolina's breaking and/or entering statute cannot serve as ACCA predicates because the North Carolina statute's elements are broader than those of generic burglary. However, as Outen acknowledges, in *Mungro*, we held that the North Carolina breaking and/or entering statute sweeps no more broadly than generic burglary as defined by the Supreme Court in *Taylor*, 495 U.S. at 598, and therefore a North Carolina breaking and/or entering conviction constitutes a violent felony under the ACCA. 754 F.3d at 272. Nevertheless, Outen argues that *Mungro* is not controlling here because it cannot be reconciled with two intervening Supreme Court decisions: *United States v. Stitt*, 139 S. Ct. 399 (2018), and *Mathis v. United States*, 579 U.S. 500 (2016).

In *Dodge*, we held that *Mungro* was still good law after *Stitt* and *Mathis*, rejecting Dodge's argument that the North Carolina breaking and/or entering statute was too broad to constitute generic burglary for the purposes of the ACCA. Although we recognized that *Mungro* "could be read as being in tension with intervening Supreme Court reasoning," we

3

ruled that *Mungro* was still binding, as it was not contradicted by any "directly applicable Supreme Court holding." *Dodge*, 963 F.3d at 384-85. Thus, Outen's argument is foreclosed by our precedent.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the fact and legal contentions are adequately presented in the materials before this court argument would not aid the decisional process.

*AFFIRMED*